UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

JAMEIN RAKIN RANDOLPH,                                          :
                                                               :
                          Plaintiff,                           :
                                                               :        No. 1:25-cv-04833 (JLR)
              -v-                                               :               ORDER
                                                               :
RAMONA L. GOODMAN,                                             :
                                                               :
                          Defendant,                           :
-------------------------------------------------------------------X

JENNIFER L. ROCHON, United States District Judge:

Jamein Randolph ("Plaintiff"), proceeding *pro se*, filed a complaint against Ramona

Goodman ("Defendant") on June 5, 2025. *See* Dkt. 1. While initially assigned to Judge Laura

Taylor Swain, the case was transferred to this Court on June 9, 2025. The Court then dismissed

this complaint for lack of subject matter jurisdiction on August 20, 2025. Dkt. 6 at 6. In that

opinion, the Court granted the Plaintiff leave to file an amended complaint by September 19,

2025. The Court attached instructions on how to file such an amended complaint and further

warned that "[i]f Plaintiff fail[ed] to submit an amended complaint by that date, the Clerk of

Court is directed to enter judgment in favor of Defendant and close this case." *Id.* After the

Plaintiff failed to meet this deadline, the Court *sua sponte* granted an extension of time to file an

amended complaint until October 10, 2025. Dkt. 7. As of today's date, Plaintiff has not

responded to the Court's August 20, 2025 Order, filed an amended complaint, or otherwise

indicated that he intends to pursue this action.

Rule 41(b) of the Federal Rules of Civil Procedure provides that a district court may

dismiss an action if "the plaintiff fails to prosecute or otherwise comply with [the] rules or a court

order." Fed. R. Civ. P. 41(b). "A district court considering a Rule 41(b) dismissal must weigh five

factors: '(1) the duration of the plaintiff's failure to comply with the court order, (2) whether

plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.'" *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (per curiam) (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). "No single factor is generally dispositive." *Id.*

Because a Rule 41(b) dismissal is "the harshest of sanctions," it must "'be proceeded by particular procedural prerequisites,' including 'notice of the sanctionable conduct, the standard by which it will be assessed, and an opportunity to be heard.'" *Id.* at 217 (quoting *Mitchell v. Lyons Prof'l Servs., Inc.*, 708 F.3d 463, 467 (2d Cir. 2013)). Furthermore, "a pro se litigant's claim should be dismissed for failure to prosecute 'only when the circumstances are sufficiently extreme.'" *Id.* (quoting *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001)).

## DISCUSSION

Several of the above factors weigh in favor of dismissing this action under Rule 41(b). First, Plaintiff failed to file an amended complaint or otherwise respond to this Court's August 20, 2025 order. *See, e.g.*, *Singelton v. City of New York*, No. 14-CV-9355 (DLC), 2015 WL 9581781, at *2 (S.D.N.Y. Dec. 30, 2015) (dismissing an action under Rule 41(b) where "[t]he plaintiff has not meaningfully communicated with the defendants for over two months" and had not communicated with the court in over two months); *Portorreal v. City of New York*, 306 F.R.D. 150, 152 (S.D.N.Y. 2015) (dismissing an action for failure to prosecute where the plaintiff had "repeatedly ignored orders setting deadlines and requiring status letters" and her response to a court order was "almost two months overdue"); *toliver v. Okvist*, No. 10-CV-5354 (DAB) (JCF), 2014 WL 2535111, at *2 (S.D.N.Y. June 5, 2014) (recommending the dismissal of a case under

Rule 41(b), where the plaintiff's response to a court order was five weeks overdue), *report and recommendation*, 2015 WL 8543103 (S.D.N.Y. Dec. 10, 2015).

Second, Plaintiff was on notice that his failure to comply would result in dismissal: the Court's August 20, 2025 Order explicitly warned Plaintiff that his action would be dismissed if he failed to file an amended complaint by September 19, 2025. *See Mitchell*, 708 F.3d at 468 (holding that a district court did not abuse its discretion in dismissing an action where its "detailed scheduling order clearly stated that future noncompliance . . . would be met with dismissal"). Notwithstanding this, the Court then extended the deadline to file an amended complaint again on September 26, 2025, and repeated its warning that failure to comply will result in dismissal of the action. Dkt. 7.

Third, this case has been pending for nearly five months, and the Court has an obligation "to secure the just, speedy, and inexpensive determination of every action . . . ." Fed. R. Civ. P. 1. In light of these considerations, the Court finds that Plaintiff's non-compliance warrants dismissal.

## CONCLUSION

For the foregoing reasons, this action is dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b). The Clerk of Court is respectfully directed to mail a copy of this Order to Plaintiff, terminate all pending motions, and close this case.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

Dated:   October 15, 2025          SO ORDERED
         New York, New York

*Jennifer Rochon*
_____
JENNIFER L. ROCHON
United States District Judge

3